IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAL LESZCZYNSKI, individually and on behalf of all others similarly situated,<br>     *Plaintiff,*<br><br>  v.<br><br>D&A SERVICES, LLC,<br>     *Defendant.* | CIVIL ACTION<br>NO. 20-4387 |

**PAPPERT, J.**                          **April 20, 2021**

**MEMORANDUM**

This putative class action under the Fair Debt Collection Practices Act stems from a collection letter Rafal Leszczynski received from D&A Services, LLC. D&A moves to dismiss Lezsczynski's Complaint and the Court grants the motion because Leszczynski lacks standing to sue.

I

The FDCPA aims "to eliminate abusive, deceptive and unfair debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse." 15 U.S.C. § 1692(e). The statute requires debt collectors to provide certain notices to consumers, including

> a statement that, if the consumer notifies the debt collector in writing within [thirty days after receipt of a collection notice] that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt

collector . . . .

15 U.S.C. § 1692(g)(a)(4).

Leszczynski alleges D&A, a debt collector, sent him a letter pertaining to an obligation owed to non-party Bank of America N.A. for transactions "primarily for personal, family or household purposes." (Compl., ECF 1, ¶¶ 8, 22, 27.) He contends D&A violated the FDCPA because it "deceptively and improperly advise[d him] of the proper method for exercising his validation rights . . . ." (*Id.* ¶ 33.) His claims arise from this statement in the letter: "[i]f you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you." (Compl., Ex. A., ECF 1-4.)

He claims D&A's letter "falsely communicated" his FDCPA obligations because it "omitt[ed] the writing requirement" – the Act's requirement that his "right to have collection efforts cease . . . can only be triggered via a written dispute." (ECF 1, ¶¶ 31-32.) He maintains he suffered "an informational injury" because the letter did not fully apprise him of what he needed to do "to properly exercise his options under § 1692(g)." (*Id.* ¶ 34.) Leszczynski contends he was harmed "by believing he was asserting these rights by phone, when in reality this method was insufficient and would not work." (*Id.* ¶ 35.) He does not, however, allege he attempted to dispute any part of the debt or to request the name and address of the original creditor in any way – by phone, in writing, or otherwise.

II

D&A argues Leszczynski has not alleged a concrete injury and lacks standing to

pursue his claims.  (Def.'s Corrected Mem. of Law, ECF 6, at 8.)  Federal Rule of Civil Procedure Rule 12(b)(1) governs motions to dismiss for lack of standing because "[s]tanding is a jurisdictional matter." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).  Generally, Rule 12(b)(1) motions fall into two categories:  facial attacks and factual attacks.  *Id.*  A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'"  *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).  A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and [ ] requires the court to 'consider the allegations of the complaint as true.'"  *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)).  The jurisdictional challenge here is facial.

Article III of the United States Constitution limits the exercise of judicial power to cases and controversies.  *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013).  Leszczynski cannot satisfy its demands "by alleging a bare procedural violation."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016), *as revised* (May 24, 2016).  He must allege facts to show "'an injury that is concrete, particularized, and imminent rather than conjectural or hypothetical."  *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (quoting *Carney v. Adams*, 141 S. Ct. 493, 499 (2020)); *see also Bognet v. Secretary Commw. of Pa.*, 980 F.3d 336, 348 (3d. Cir. 2020) (explaining that a plaintiff "must be injured . . . in a way that concretely impacts [their] own protected legal interests").  "A concrete injury must be *de facto*; that is, it must actually exist."  *Spokeo,* 136 S. Ct. at 1548 (2016) (internal quotation marks omitted).

Leszczynski has not alleged he ever attempted to dispute any part of the debt

D&A sought to collect. The plaintiff in *Casillas v. Madison Avenue Associates, Inc.* lacked standing on similar allegations: she "did not allege that she tried to dispute or verify her debt orally and therefore lost or risked losing the [FDCPA's] protections," and "complained only that her notice was missing some information that she did not suggest she would have ever used." 926 F.3d 329, 334 (7th Cir. 2019). Leszczynski argues D&A's letter "incorrectly stat[ed] . . . that any type of dispute would cause the cessation of collection activities" and "he would not have been entitled to cessation of debt collection efforts" if he had "followed [D&A's] misstatement and dispute[d] the debt orally instead of in writing . . . ." (Pl.'s Opp'n Mem., ECF 7, at 9 (emphasis omitted).) Absent an allegation Leszczynski sought to exercise his FDCPA dispute rights, any "incorrect" or "erroneous" statement is not enough to confer standing.

> [W]here a collection letter violates the FDCPA in a manner that can be characterized as "incomplete" or "erroneous" rather than misleading or deceptive – that is, where the letter includes incomplete or inaccurate information but does not attempt to persuade or dissuade in a deceptive manner – receipt of the letter will not by itself constitute an "informational injury" sufficient to confer standing.

*Cartmell v. Credit Ctrl., LLC*, No. 19-1626, 2020 WL 113829, *11 (E.D. Pa. Jan. 10, 2020).

Leszczynski contends he is different from Paula Casillas because he asserts "a violation due to deceptive language." (ECF 7, at 7 (emphasis omitted).) He alleges D&A's letter "deceptively and improperly advise[d him] of the proper method for exercising his validation rights under the FDCPA." (ECF 1, ¶ 33.) But Leszczynski has not sufficiently pled D&A's letter was deceptive. He argues the letter "say[s] that any type of dispute, even a dispute made orally, can trigger the cessation of debt collection efforts." (ECF 7 at 4.) Again, the letter says, "[i]f you dispute the debt, or any part

4

thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you." (ECF 1-4.)  In Leszczynski's view, D&A's letter is deceptive because it does not say "in writing" immediately after the phrase "[i]f you dispute the debt, or any part thereof . . . ."  (ECF 7 at 1-2.)  He maintains his reading is "mandated[ ] by the use of a comma to separate . . . two clauses" and "the  use of the word 'or' separating the two clauses" also indicates they "are wholly separate."  (*Id.* at 4-5.)  He also argues the word "or" used before "request the name and address of the original creditor" means that the "in writing" requirement only applies to the sentence's second half.  (*Id.* at 1.)  From his perspective, the sentence can be reasonably read as requiring "a request for the name and address of the original creditor" "in writing," while providing no guidance as to how the debt should be disputed because of a "comma placed after the words 'or any part thereof . . . .'" (*Id.*)  Leszczynski asserts his reading is "plausible" given the letter's "grammatical structure." (*Id.* at 4.)  His picayune dissection of the letter's wording and structure is meritless.

Further, a "narrow focus" on just one sentence in the letter "neglects the duty of even the least sophisticated debtor to read collection notices in their entirety." *Croftcheck v. Accounts Recovery Bureau, Inc.*, No. 11-1220, 2012 WL 1378683, *5 (M.D. Pa. Apr. 20, 2012) (citation and internal quotation omitted).  The disputed text must be read in the context of the whole letter.  It also says, in relevant part:

> If you notify this office *in writing* within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and will mail you a copy of such judgment or verification.  If you request of this office

>   *in writing* within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

(ECF 1-4 (emphasis added).)  This paragraph asked Leszczynski to contact D&A "in writing" if he disputed the validity of any portion of the debt or wanted the original creditor's name and address.  The following paragraph – the sentence Leszczynski contends is deceiving – told him that if he did either of the things listed in the prior paragraph, D&A would "suspend [its] efforts to collect the debt . . . ." (*Id.*)  Read in its entirety, the letter apprised Leszczynski of his obligations under Section 1692(g).

If a debt collection letter "can be *reasonably* read to have two or more different meanings, one of which is inaccurate," it may be deceptive.  *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir. 2006) (emphasis added).  But even if the Court considers only the sentence Leszczynski complains about – absent the rest of the letter's context – his reading lacks a "quotient of reasonableness, a basic level of understanding, and a willingness to read with care . . . ." *Caprio*, 709 F.3d at 149.  As D&A counters, "[t]he comma and 'or' do not sever the sentence into two halves," and "the phrase 'or any part thereof' is just a modifier for the preceding word 'debt,'" while "the word 'or' properly identifies two distinct things that must be in writing to take effect . . . ." (Def.'s Reply, ECF 8, at 3.)  Leszczynski's interpretation is not a reasonable alternative interpretation and his conclusory characterization of the letter as "deceptive and misleading" is not enough to show he suffered an "informational injury" that would confer standing.  (ECF 1, ¶¶ 33-34.)  His claims are dismissed without prejudice because Leszczynski lacks standing to sue.  *See Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879, 896 (3d Cir. 2020) ("Dismissal for lack of standing reflects a lack of jurisdiction . . . .")

An appropriate Order follows.

                                                 BY THE COURT:

                                         ***/s/ Gerald J. Pappert***
                                        GERALD J. PAPPERT, J.